**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4129**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

JOSEPH DERRICK ELLER,

    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:05-cr-00006-RLV-CH-2)

Submitted: September 23, 2014  Decided: September 25, 2014

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Derrick Eller appeals the thirty-seven month sentence imposed upon revocation of his term of supervised release. On appeal, Eller argues that the district court imposed a plainly unreasonable sentence because the court should have ordered that he undergo substance abuse treatment rather than imposing a term of incarceration. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). Accordingly, in examining a sentence imposed upon revocation of supervised release, we "take[] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). We will affirm a revocation sentence that falls within the statutory maximum, unless we find the sentence to be "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). In reviewing a revocation sentence, we first consider "whether the sentence is unreasonable," following the same general principles we apply to our review of original sentences. Id. at 438. Only if we find a sentence to be procedurally or substantively unreasonable will we determine whether the sentence is "plainly" so. Id. at 439.

A revocation sentence is procedurally reasonable if the district court has considered both the applicable 18 U.S.C. § 3553(a) (2012) factors and the policy statements contained in Chapter Seven of the United States Sentencing Guidelines Manual. Crudup, 461 F.3d at 439. The district court also must provide an explanation of its chosen sentence, although this explanation "need not be as detailed or specific" as is required for an original sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A revocation sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed. Crudup, 461 F.3d at 440.

We cannot conclude that Eller's revocation sentence is unreasonable, much less plainly so. Our review of the record reveals that Eller failed to take advantage of the multiple treatment opportunities provided to him and, ultimately, was unable to refrain from using methamphetamine. Although Eller requested that the court recommend treatment and continue him on supervision,[*] the court was not required to select treatment over incarceration, particularly in light of Eller's history of failed efforts to achieve sobriety.

---

[*] We reject the Government's argument that Eller waived his right to argue on appeal that an active term of imprisonment is plainly unreasonable.

More importantly, however, Eller breached the court's trust. Eller continued to use drugs and break the law despite the many times the court granted Eller leniency. Thus, we conclude that it was not plainly unreasonable for the court to impose a term of incarceration "to sanction [Eller] for failing to abide by the conditions of the court-ordered supervision, and to punish the inherent breach of trust indicated by [his] behavior." Moulden, 478 F.3d at 655 (internal quotation marks omitted).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED